IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN FIGUEROA,<br>Plaintiff, | ) | |
| v. | ) | No. 2019 cv 03619 |
| VILLAGE OF CICERO,<br>CICERO POLICE OFFICER<br>VICTOR GURROLA (Star # 373),<br>CICERO POLICE OFFICER<br>CARLOS VAZQUEZ (Star # 385),<br>CICERO POLICE OFFICER<br>LOPEZ (Star # 364) | ) | |
| Defendants. | ) | Jury Trial Demanded |

<u>Complaint</u>

NOW COMES Plaintiff, STEVEN FIGUEROA ("Figueroa"), by his attorney, Michael D. Cheronis, and complaining of Defendants, VILLAGE OF CICERO and CICERO POLICE OFFICERS VICTOR GURROLA, Star #373, CARLOS VAZQUEZ , Star # 385 and OFFICER LOPEZ, Star # 364), states as follows:

Introduction

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

Jurisdiction and Venue

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1343(a), the Constitution of the United States, and this Court's supplemental jurisdiction powers.
3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within district.

Parties

4. Plaintiff, Steven Figueroa, is a 26 year old resident of Cicero, Illinois.
5. Defendant Officers were at the time of the events complained of herein employed by the Village of Cicero as a police officer.
6. The Village of Cicero is a duly incorporated municipal corporation within the Northern District of Illinois and is the employer and principal of the Defendant Officers.
7. At all times material to this Complaint, the Defendant Officers were acting in the scope of their employment and under color of state law, ordinance, and/or regulation, statutes, custom, and usage of the Village of Cicero.

Background

8. On the night of August 27, 2017, at approximately 5:00 p.m., the Aztipan Bakery on the 5900 block of West 35th Street in Cicero, Illinois, was robbed at gunpoint by a hooded assailant. Two female employees were working at the time. Employee Julia Zaldivar-Garcia described the assailant to responding officers as a short, black or light brown male with a short stubble beard wearing a hooded

sweatshirt and ball cap with the hood up. She was unable to see any scars, marks or tattoos anywhere on the assailant's body.

9. Defendant Officer Gurrola was assigned to investigate the robbery. Using surveillance recordings capturing the interior and exterior of the building, he determined that assailant was the Plaintiff, due to an allegedly conspicuous neck tattoo that Defendant Officer Gurrola stated he observed in the surveillance recordings. This tattoo is not visible in the surveillance recordings. Defendant Officer Gurrola knew the Plaintiff from prior contacts and knew that Plaintiff had a tattoo on his neck.

10. One eyewitness could not make an identification. The second eyewitness made a tentative identification. This eyewitness' uncertainty was not recorded in Defendant Officer Gurrola's reports. Plaintiff was subsequently arrested on November 3, 2017 and charged with, inter alia, Armed Robbery. Plaintiff spent 209 days in custody before he acquitted of all charges at a bench trial before the Honorable Ramon Ocasio in Cook County on May 31, 2018.

COUNT I
42 U.S.C. § 1983: False Arrest

11. Plaintiff re-alleges each of paragraphs 1-10 as if fully stated herein.

12. As described in the preceding paragraphs, Plaintiff was detained and falsely arrested by Defendant Officers Lopez and Vasquez, pursuant to Defendant Officer Gurrola's request, without legal justification and/or probable cause.

13. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, specifically, the Plaintiff.

14. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights, specifically the Fourth and Fourteenth Amendments to the United States Constitution, and hence 42 U.S.C. § 1983.

15. Plaintiff was imprisoned by the Defendant Officers, and thereby had his liberty to move about unlawfully restrained, despite the Defendant Officers' knowledge that there was no probable cause for doing so.

16. The actions of the Defendant Officers were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

17. As described above, the Defendant Officers' conduct was undertaken within the scope of their employment such that their employer, the Village of Cicero, is liable for their actions.

## COUNT II
### State Law Claim: Malicious Prosecution

18. Plaintiff re-alleges each of paragraphs 1-17 as if fully stated herein.

19. As described more fully above, one or more of the Defendant Officers commenced, caused to be commenced, and/or continued a criminal proceeding against Plaintiff for which Defendant Officers knew there was no probable cause, and the criminal proceeding terminated in Plaintiff's favor in a manner indicative of innocence.

20. The Defendant Officers' actions were undertaken intentionally, with malice and reckless indifference to the rights of others, specifically, the Plaintiff.

21. Statements and reports of the Defendant Officers regarding Plaintiff's alleged criminal culpability were made with knowledge that the statements were false and perjured. In so doing, the Defendant Officers fabricated evidence and withheld exculpatory information.

22. As a result of the Defendant Officers' malicious prosecution, Plaintiff has suffered, as a direct and proximate cause, injury, including emotional distress.

23. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment such that their employer, the Village of Cicero, is liable for their actions.

COUNT III
State Law Claim: Respondeat Superior

24. Plaintiff re-alleges each of paragraphs 1-23 as if fully stated herein.

25. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the Cicero Police Department acting at all relevant times within the scope of their employment.

26. Defendant Village of Cicero is liable as principal for all torts committed by its agents.

COUNT IV
State Law Claim: Indemnification

27. Plaintiff re-alleges each of paragraphs 1-26 as if fully stated herein.

28. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

29. The Defendant Officers are employees of the Cicero Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, STEVEN FIGUEROA, respectfully requests that this Court enter judgment in his favor and against Defendants, VILLAGE OF CICERO, and the DEFENDANT OFFICERs, VICTOR GURROLA, (#373), CARLOS VASQUEZ (# 385) and LOPEZ (#364) awarding compensatory damages and attorneys' fees, along with punitive damages against the DEFENDANT OFFICERS in their individual capacity, as well as any other relief this Court deems just and appropriate.

Jury Demand

Plaintiff, Steven Figueroa, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully Submitted,

/s/ Michael D. Cheronis
MICHAEL D. CHERONIS
Law Office of Michael D. Cheronis
120 N. LaSalle St, Suite 1200
Chicago, IL 60602-5113
312-806-8520